Filed 3/29/21  Bilodeau v. Modern Mobile Homes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RAYMOND BILODEAU et al.,<br><br>   Plaintiffs and Appellants,<br><br>v.<br><br>MODERN MOBILE HOMES, INC. et al.,<br><br>   Defendants and Respondents. | 2d Civ. No. B302791<br>(Super. Ct. No. 56-2018-00521703-CU-PA-VTA)<br>(Ventura County) |

A note that was the subject of an arbitration contained a provision for attorney fees to the prevailing party in any action on the note.  The arbitration agreement itself contained no provision for attorney fees.  It was error for the trial court to award attorney fees to the prevailing party in a motion to vacate the arbitration award.  We reverse.

FACTS

Modern Mobile Homes, Inc. (Modern) is a dealer in new and used mobile homes.  It purchased a used mobile home and

remodeled it for sale.  Raymond and Joanna Bilodeau agreed to purchase the mobile home for $99,415.  They paid $45,000 down.  Modern financed the balance by taking the Bilodeaus' note secured by a security agreement in the mobile home.

The purchase agreement contained an arbitration clause providing in part, "Buyers and sellers agree that any dispute or claim in law or equity arising between them out of this agreement, or any resulting transaction, . . . shall be decided by neutral binding arbitration . . . ."  The purchase agreement did not contain an attorney fee clause.  The note provided, "If any action is instituted on this Note, I/we promise to pay such sums as the Court may fix as attorney's fees."

Shortly after the purchase, the Bilodeaus began extensive modifications to the interior of the mobile home.  They claimed that during the modifications they found substantial structural defects.  They claimed that Modern had defrauded them, and demanded rescission of the purchase transaction.

Modern refused rescission, denying any wrongdoing, and claiming the Bilodeaus' modifications had left the mobile home an empty husk.

Unable to reach a settlement, the Bilodeaus invoked arbitration.  Their complaint in arbitration prayed for damages and rescission, including a declaration that the purchase money note and security agreement have been rescinded.

After a hearing, the arbitrator awarded the $45,000 down payment to Modern and declared that the Bilodeaus' note would be cancelled upon retransfer of the mobile home to Modern.  The arbitrator did not award attorney fees.

The Bilodeaus made a motion in the trial court to vacate the arbitration award.  They alleged that the arbitrator

committed misconduct by failing to disclose conflicts of interest. Modern opposed the motion. The trial court found against the Bilodeaus and denied the motion.

Modern moved for attorney fees under the attorney fee clause in the note as the prevailing party in the motion to vacate. Modern requested $21,000. The trial court awarded Modern $10,000.

## DISCUSSION

Code of Civil Procedure[1] section 1284.2 provides: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit."

Here the arbitration agreement does not provide for an award of attorney fees. In the absence of any agreement providing for an award of attorney fees in an arbitration proceeding, the express terms of section 1284.2 preclude such an award.

The trial court based its award of fees on a provision in the note. The note provides for an award of fees in any action on the note. The arbitrator could have, but did not award attorney fees in the arbitration. A petition to vacate an arbitration award is not an action on a note. An attorney fee provision applicable to a substantive claim does not extend to a petition to vacate an arbitration award resolving that claim. (*Ling v P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1263 [statute

---

[1] All statutory references are to the Code of Civil Procedure.

3.

providing for attorney fees on substantive claim does not apply to petition to vacate arbitration award].)

Modern's reliance on *Carole Ring & Associates v. Nicastro* (2001) 87 Cal.App.4th 253, and *Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508, is misplaced. In both those cases, there is an express provision for attorney fees in the contract for arbitration. (*Carol Ring & Associates*, at p. 261; *Marcus & Millichap Real Estate Investment Brokerage Co.*, at p. 511, fn. 2.) Here the arbitration agreement contained no provision for attorney fees.

Nevertheless, Bilodeau argues he is entitled to raise the issue of attorney fees post judgment. That may be true in some instances, but not in this case.

### DISPOSITION

The order awarding attorney fees is reversed. Costs on appeal are awarded to appellants.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

4.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Law Offices of Michael D. Kwasigroch, Michael D. Kwasigroch for Plaintiffs and Appellants.

Law Office of Joseph R. Brown, Joseph R. Brown for Defendants and Respondents.