Filed 03/25/2016

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CYNTHIA LING,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br><br>    Defendant and Appellant. | H039367<br>(Monterey County<br> Super. Ct. No. M115038) |

    This appeal requires us to decide whether the trial court erred by correcting and remanding an arbitrator's attorney's fees award under the California Arbitration Act. (Code Civ. Proc., § 1280 et seq.) As did the trial court, we conclude that the arbitrator exceeded his power by awarding statutory attorney's fees to a defendant employer for work performed in defeating an employee's inextricably intertwined claims, contrary to public policy embedded in Labor Code section 1194's one-way fee shifting provision. We further conclude that the trial court's remedy—correcting the award and remanding to the arbitrator to determine plaintiff's reasonable attorney's fees and costs as the prevailing party—was proper, and that there was no impropriety in the court's later order confirming the arbitrator's award to plaintiff of costs but not attorney's fees based on intervening California Supreme Court authority.

    The trial court also awarded plaintiff attorney's fees for her petition to vacate the arbitrator's first award. We will vacate that order because the award was not authorized by statute or by the arbitration agreement.

# I.  BACKGROUND

## A.  THE OCTOBER 2011 AWARD

Plaintiff Cynthia Ling worked for defendant P.F. Chang's China Bistro, Inc. as a floor manager in its newly opened Monterey restaurant from May 2007 until she was terminated in October 2008.  Plaintiff's position was classified as exempt under California Industrial Wage Order 5-2001(1)(B)(1),[1] excepting plaintiff from overtime compensation and mandated meal periods.  (8 Cal. Code Regs., tit. 8, § 11050(1.)(B)(1), (3.), (11.).)  Plaintiff sued defendant in April 2010, seeking unpaid overtime wages (Lab. Code, § 510; count 1), waiting time penalties (Lab. Code, § 203; count 2), and premium pay for failure to provide meal and rest periods (Lab. Code, §§ 226.7 and 512; count 3).[2]  Plaintiff alleged unfair competition (Bus. & Prof. Code, § 7200 et seq; count 4) and sought attorney's fees and costs.  Having agreed to final and binding arbitration of any employment dispute as a term of employment, plaintiff incorporated her complaint into a demand for arbitration, and the dispute was arbitrated by a JAMS arbitrator.

The arbitrator issued an amended interim order in July 2011 rejecting plaintiff's claim that she was wrongly classified as exempt at the Monterey restaurant.  The arbitrator summarized testimony from 12 witnesses and ultimately rejected plaintiff's contention that a chronic staffing shortage required her to spend the majority of her time performing nonexempt hourly work.  The arbitrator observed that plaintiff "was unable or unwilling to conform to [defendant's] expectations that she manage, not perform hourly functions; she was eventually terminated primarily for performance issues which

---

[1] The arbitrator incorrectly referenced the relevant executive exemption as Wage Order 5-2001(1)(A)(1).

[2] Undesignated statutory references are to the Labor Code.

2

included her inability, despite coaching, to manage the floor within the legitimate expectations of [defendant]."

But plaintiff prevailed in part on her missed meal periods claim based on the first nine weeks of employment when she attended off-site training, and she was compensated $1,038 for missed meal periods during that time.[3]  According to the arbitrator, plaintiff's training period received little attention at the hearing, which was consumed instead by her disputed exempt managerial status.  Still, the arbitrator awarded plaintiff $7,668 in waiting time penalties under section 203 for the missed trainee meal periods.[4]  Even though plaintiff had belatedly raised her training claim in post-hearing briefing, defendant did not contest plaintiff's nonexempt status while a trainee or its failure to provide duty-free meal periods during her training time.  The arbitrator found defendant to be the prevailing party on all but that relatively minor issue and invited briefing on allowable costs and attorney's fees.

The arbitrator awarded defendant $29,046 in costs under Code of Civil Procedure section 1032 and $212,685 in attorney's fees under section 218.5 in October 2011.  The arbitrator rejected plaintiff's argument that she was entitled to attorney's fees and costs as the prevailing party under Code of Civil Procedure section 1032 and section 218.5 for obtaining a net monetary recovery on her missed meal periods claim.  Determining that he retained "wide equitable discretion to determine which party prevailed based upon the entirety of the claims and defenses," the arbitrator deemed defendant the prevailing party for successfully defeating the dominant contention in the litigation that plaintiff had been wrongly classified as an exempt employee.  The arbitrator specified that he was not

---

[3] Section 226.7, subdivision (c) requires an employer to pay an employee "one additional hour of pay at the employee's regular rate of compensation for each workday" the employer fails to provide a meal period.

[4] Section 203 requires an employer to pay a penalty for the willful failure to pay certain wages to an employee who is discharged or quits.

awarding defendant attorney's fees on plaintiff's unsuccessful overtime claim. Instead, he found defendant prevailed under section 218.5 on plaintiff's missed meal periods claim during her tenure as a manager, and he awarded attorney's fees and costs for defending that claim, even though it was "factually inextricably intertwined" with the overtime claim. The arbitrator incorporated the amended interim award into the attorney's fees and costs order, deeming it a final award.

B.     THE COMPETING SUPERIOR COURT PETITIONS

Plaintiff petitioned the trial court under Code of Civil Procedure section 1286.2 to vacate the final award in its entirety. She argued that the arbitrator had exceeded his powers by awarding attorney's fees and costs to defendant while at the same time denying her statutory right to attorney's fees and costs. Although defendant had defeated her overtime claim, plaintiff pressed that public policy and section 1194—a one-way fee-shifting provision—precluded defendant from recovering any attorney's fees. She argued that she was entitled to costs under Code of Civil Procedure section 1032, subdivision (a)(4) as the prevailing party, and that she was entitled to attorney's fees as a matter of law under section 218.5 because she had prevailed on her section 226.7 meal periods claim. She sought vacatur of the entire decision and rehearing before a new arbitrator.

Defendant filed a competing petition to confirm the arbitration award and enter judgment, contending that the arbitrator's legal rulings on attorney's fees and costs were correct and that there was no jurisdictional basis to disturb any portion of the award. Although defendant recognized that the court could "correct an errant portion of the award that is unrelated to the merits of the decision," it insisted there was no basis to disturb the arbitrator's underlying substantive decision. Defendant asked the court to confirm the award in its entirety.

The court ruled that it had no authority to disturb the arbitrator's findings that plaintiff's manager position had been properly classified as exempt and defendant had

4

prevailed on that central issue. Still, the court granted plaintiff's petition in part. Instead of vacating the matter in its entirety under Code of Civil Procedure section 1286.2, subdivision (a)(4), the court corrected the award under Code of Civil Procedure section 1286.6, subdivision (b) and remanded the matter to the arbitrator under *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809 (*DiMarco*) to entertain a costs and attorney's fees motion by plaintiff.

The court recognized the public policy imbedded in section 1194 protecting an employee's right to bring an overtime claim without facing the prospect of financial ruin. Accordingly, it ruled that defendant was precluded by section 1194 from recovering attorney's fees on plaintiff's overtime claim or on plaintiff's missed meal periods claim to the extent the latter was inextricably intertwined with the overtime claim. The court ruled that plaintiff was entitled to attorney's fees as the prevailing party on her missed meal periods claim under either section 1194 or section 218.5.

The court directed plaintiff on remand to identify attorney's fees and costs excluding amounts "incurred exclusively in bringing the unsuccessful overtime claim" but allowing amounts that were " 'inextricably intertwined' " with that claim.

## C.   POST-REMAND ARBITRATION PROCEEDINGS

In an award served August 15, 2012, the arbitrator denied plaintiff's attorney's fees claim under *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244 (*Kirby*), issued after the trial court's remand. *Kirby* held that attorney's fees for section 226.7 missed meal periods claims are governed by neither section 1194 nor section 218.5. Rather, the Legislature intended missed meal periods claims to be governed by the default American rule that each party bear its own attorney's fees. (*Kirby*, at pp. 1254, 1259  The arbitrator ruled that *Kirby* also precluded plaintiff from receiving attorney's

5

fees for recovering section 203 penalties for the meal period violations.[5] The arbitrator concluded that "each party in this matter shall bear its own attorney's fees, either because section 1194 precludes them or because section 226.7 does not provide for them."

Although the arbitrator ruled that *Kirby* mooted plaintiff's attorney's fees claim, out of respect for the trial court whose remand order had preceded *Kirby*, he considered plaintiff's attorney's fees motion and concluded that plaintiff would not be entitled to attorney's fees for contesting her exempt status as a floor manager. The arbitrator explained that the gravamen of the dispute—whether plaintiff was exempt while working in Monterey—was hotly disputed; had plaintiff succeeded on that question, she would have prevailed on both her overtime and remaining missed meal periods claims. In contrast, plaintiff's non-exempt status during her training period was not contested. The arbitrator reasoned that because "[t]he facts and legal theories regarding these two locations were not intertwined," had the attorney's fees issue not been mooted by *Kirby*, plaintiff would have been reasonably entitled to recover attorney's fees only for efforts related to training period violations, and a reasonable amount for that minor portion of the litigation would have been $35,000.

Because plaintiff received a small monetary award for part of her missed meal periods claim, the arbitrator awarded plaintiff her costs for the entire action ($18,936) under Code of Civil Procedure section 1032, subdivision (a)(4) and *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1198–1199 (*Michell*) ("The allowance of costs as a matter of right [does not] depend[] on the character of the action involved but on how the prevailing party is determined.").

---

[5] In 2011, the parties disputed entitlement to attorney's fees on plaintiff's section 226.7 claim; plaintiff never asserted entitlement to fees for the additional reason that she obtained derivative section 203 penalties. Plaintiff shifted her focus to section 203 only after the Supreme Court decided in *Kirby* that section 218.5 does not apply to section 226.7 claims.

6

**D.     PLAINTIFF'S SECOND VACATUR PETITION**

Plaintiff filed a second trial court petition to vacate the arbitration award, arguing that the arbitrator had exceeded his authority by (1) denying her attorney's fees contrary to the court's remand order, and (2) denying her attorney's fees for recovering section 203 waiting time penalties. Plaintiff also sought vacatur based on arbitral bias.

After argument the court observed, "It seems to me when the Court was presented with the initial facts, there was some compelling reasons to send it back to the arbitrator. In its present posture, I don't think the same compelling reason exists." The court's order and judgment confirming the October 2011 and August 2012 arbitration awards clarified: "(1) Petitioner is deemed the prevailing party and is therefore entitled to costs and (2) no attorney[']s fee[s] or cost[s] award shall be issued against Petitioner." Both parties appeal that judgment.

**E.     PLAINTIFF'S POST-JUDGMENT MOTION FOR ATTORNEY'S FEES**

Plaintiff moved the trial court post-judgment for attorney's fees for work performed on the vacatur petitions. The court granted the motion in part, awarding attorney's fees related to the first petition ($47,037) but denying fees related to the second petition. Defendant appeals that award.

## II.  DISCUSSION

**A.     JUDICIAL REVIEW OF ARBITRATION AWARDS**

Code of Civil Procedure section 1286.2 directs the trial court to vacate an arbitration award when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (*Id.*, subd. (a)(4).) Similarly, Code of Civil Procedure section 1286.6 authorizes the court to "correct the award and confirm it as corrected if the court determines that: [¶] (b) [t]he arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted." (*Id.*, subd. (b).)

7

In *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 (*Moncharsh*), the California Supreme Court "limit[ed] judicial review of private arbitration awards to those cases in which there exists a statutory ground to vacate [Code Civ. Proc., § 1286.2] or correct [Code Civ. Proc., § 1286.6] the award." An arbitrator does not exceed his power, allowing for statutory vacatur or correction, by reaching an erroneous decision. (*Ibid*.) The arbitrator has authority to resolve the merits of the submitted controversy in its entirety, including all contested issues of law and fact, as the resolution of those issues was bargained for in the arbitration agreement. (*Ibid*.)

"Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (*Richey v. AutoNation, Inc*. (2015) 60 Cal.4th 909, 916 (*Richey*).) "Vacating an arbitration award based on public policy or a statutory right requires an explicit legislative expression of a public policy violated by the award or a conflict with a statutory scheme." (*SunLine Transit Agency v. Amalgamated Transit Union, Local 1277* (2010) 189 Cal.App.4th 292, 303.) Courts are otherwise reluctant to invalidate an arbitration award because "the Legislature has already expressed its strong support for private arbitration and the finality of arbitral awards in title 9 of the Code of Civil Procedure. (§ 1280 et seq.) Absent a clear expression of illegality or public policy undermining this strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny." (*Moncharsh*, *supra*, 3 Cal.4th at p. 32.)

In determining whether an arbitration award contravenes public policy, we review the trial court's decision de novo. (*Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33 (*Ahdout*); *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443–444 (*Jordan*).)

8

**B.    ATTORNEY'S FEES AND COSTS IN EMPLOYMENT ARBITRATIONS**

Following the American rule, each party to a lawsuit in California pays its own attorney's fees, absent a statute or an agreement by the parties providing otherwise. (Code Civ. Proc. § 1021; *Jordan*, *supra* 100 Cal.App.4th at p. 446.)  Two Labor Code sections, both at play here, provide for fee shifting.  Section 1194, subdivision (a) provides that an "employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Because section 1194 provides only for a successful plaintiff to recover attorney's fees and costs, it is a one-way fee shifting statute precluding an employer from collecting fees and costs even if the employer prevails on a minimum wage or overtime claim.  (*Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1425 (*Earley*).)  Section 218.5 is a two-way fee shifting statute, providing for an award of attorney's fees and costs to the prevailing party "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions."  Section 218.5 does not apply to an action for which attorney's fees are recoverable under section 1194.  (§ 218.5, subd. (b).)[6]

In *Kirby*, the California Supreme Court held that attorney's fees for section 226.7 missed meal periods claims are not recoverable under section 1194 or section 218.5. Rather, the Legislature intended section 226.7 claims to be governed by the default American rule that each party bear its own attorney's fees.  (*Kirby*, *supra*, 53 Cal.4th at pp. 1254, 1259.)  Even though the California Supreme Court had accepted *Kirby* for

---

[6] In 2013 the Legislature amended section 218.5, limiting the reciprocal nature of that provision.  Effective January 1, 2014, if the prevailing party is someone other than the employee, it shall recover fees and costs only if the covered action was brought in bad faith by the employee.  The amendment also precludes the statute's application to "any cause of action" (formerly, "any action") governed by section 1194.  (2013 Stats., ch. 142, § 1, p. 2032.)

9

review in August 2010, the parties in this case were of the shared view during the 2011 arbitration that section 218.5 would govern attorney's fees and costs for plaintiff's missed meal periods claim. That view was also advanced to the trial court, whose ruling on the parties' competing motions to confirm and vacate the October 2011 award referenced *Kirby*, but deemed it irrelevant, apparently believing the issue in *Kirby* to be whether attorney's fees for a section 226.7 claim otherwise encompassed by section 218.5 instead fell under section 1194.

In the absence of a specific Labor Code provision, costs are awarded in employment dispute matters under Code of Civil Procedure section 1032. That statute awards costs as a matter of right to a prevailing party "in any action or proceeding." (*Id*., subd. (b).) " 'Prevailing party' includes the party with the net monetary recovery." (*Id*., subd. (a)(3).) The opposing party is not entitled to an offset, even if the prevailing party's net monetary gain reflected a partial or limited recovery. (*Michell*, *supra*, 49 Cal.App.4th at p. 1199.)

Arbitration agreements are governed by their own attorney's fees and costs provisions. But in employment dispute matters involving statutory claims, an employee's statutory rights to attorney's fees and costs are not waived or forfeited, but rather are inferred in the arbitration agreement. (*Armendariz v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83, 106 (*Armendariz*); *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1086–1087.)

## C. THE SUPERIOR COURT'S FEBRUARY 2012 REMAND ORDER

### 1. The October 2011 Arbitration Award Contravened an Explicit Legislative Expression of Public Policy

The October 2011 award was subject to trial court correction because it contravened an explicit legislative expression of public policy. In discussing section 1194, *Earley* explained "the Legislature clearly intended to give special treatment to overtime compensation claims and to create a one-way fee-shifting right for a

10

successful employee; but no similar right was recognized for an employer who successfully defended such claim." (*Earley, supra,* 79 Cal.App.4th at p. 1428.) *Earley* explained that entitlement to overtime compensation, as opposed to straight-time wages, "is mandated by statute and is based on an important public policy." (*Id.* at p. 1430.) Indeed, " 'wage and hours laws "concern not only the health and welfare of the workers themselves, but also the public health and general welfare" ' " including a stable job market. (*Ibid.*) Overtime wages promote jobs because employment is spread throughout the workforce, and they advance "a public policy fostering society's interest in a stable job market." (*Ibid.*) The *Earley* court observed that the legislature's one-way fee shifting rule specifically encourages workers to seek redress when it otherwise would not be economical to sue. (*Id.* at pp. 1430–1431.) *Earley* recognized that " ' "one-sided statutory and judicially mandated fee-shifting provisions" ' " such as section 1194 " ' "serve a specific public policy which would be vitiated by the grant of reciprocity." ' " (*Earley*, at p. 1429.) If an employer were able to invoke section 218.5 to collect attorney's fees in an overtime action, employees would be chilled from suing to vindicate their statutory right to overtime and section 1194's legislative intent would be defeated. (*Id.* at p. 1431.)

Because plaintiff's missed meal periods claim (as it related to her service as a floor manager) and overtime claim required identical proof, the attorney's fees award for defending the "factually inextricably intertwined" meal periods claim was effectively a fee award for defeating plaintiff's overtime claim, prohibited by section 1194. Such an award exceeded the arbitrator's power because it contravened the explicit legislative declaration of public policy reflected in section 1194. (See *Richey*, *supra*, 60 Cal.4th at p. 916.)

Defendant persuaded the arbitrator that attorney's fees were proper under *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 (*Reynolds*). *Reynolds* involved a lawsuit to recover money owed under a consignment agreement with no provision for

11

attorney's fees, and money owed under promissory notes providing for the recovery of collection expenses, including attorney's fees. (*Id*. at p. 127.) The *Reynolds* plaintiff lost on its alter ego recovery theory, which disposed of the entire lawsuit. In reviewing the reasonableness of the defendant's fee award under Civil Code section 1717 (providing for reciprocal awards where a contract authorizes either party to recover fees), the Supreme Court concluded that attorney's fees "need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to the alter ego issue -- common to both the note and the general line consignment agreement -- qualify for award." (*Reynolds*, at pp. 129–130.)

Reynolds does not change our conclusion that the arbitrator's attorney's fee award contravened section 1194's legislative expression of public policy. Although *Reynolds* involved a common issue dispositive of all claims, those claims were otherwise governed by the American rule that each side bear its own fees. In contrast, here plaintiff's overtime cause of action, swept into the arbitrator's fee award as inextricably intertwined with the missed meal periods claim, was not governed by the American rule but by a one-way fee-shifting statute precluding defendant from recovering fees under any circumstance. By allowing defendant to recover on an intertwined claim, the award conflicted with the public policy embedded in section 1194 that employers not recover attorney's fees in overtime actions.

Citing *City of Richmond v. Service Employees Internat. Union*, Local 1021 (2010) 189 Cal.App.4th 663, 674–675 (*Richmond*), defendant argues that this case does not fall under the public policy exception to arbitral finality because public policy did not absolutely prohibit the October 2011 award. *Richmond* involved a city employee's challenge to termination for alleged sexual harassment. The matter went to arbitration under the MOU with the employee's union, and the arbitrator ordered reinstatement after determining the disciplinary action was not timely commenced according to the MOU.

12

(*Id*. at pp. 667–668.)  The trial court vacated the award because reinstatement on procedural grounds violated " 'the strong public policy against … sexual harassment in the workplace.' " (*Id*. at p. 669.)  Reversing, the *Richmond* court explained that public policy against sexual harassment in the workplace did not preclude the arbitrator from ordering reinstatement when the accusations are time barred under a negotiated MOU: "There is no absolute public policy against reinstatement of persons who have engaged in sexual harassment, much less a public policy against reinstatement of persons who *may* have engaged in sexual harassment and who were ordered reinstated because the accusations were time-barred." (*Id*. at pp. 671–672.)  *Richmond* is inapposite because the discharged employee's rights under the MOU were at issue, not the rights of the employees who complained of workplace sexual harassment.  In contrast, the October 2011 award here directly undermined *plaintiff's* right to pursue an overtime claim without exposure to paying her employer's attorney's fees.  (§ 1194.)[7]

In our view, the public policy articulated in *Earley* is clear, and it unequivocally prohibits an employer from recovering attorney's fees for defending a wage and hour claim, even if the employer's efforts defended a related claim for which it otherwise would have been entitled to attorney's fees as the prevailing party.  This is true particularly in light of the California Supreme Court's pronouncement that an employee's statutory claims are arbitrable under mandatory employment arbitration agreements provided the employee does not surrender unwaivable statutory rights, including protection from certain attorney's fees and costs awards.  (*Armendariz*, *supra*, 24 Cal.4th at pp. 100–101.)

---

[7] In a post-briefing letter, defendant notified us of *SingerLewak, LLP v. Gantman* (2015) 241 Cal.App.4th 610.  Finding no public policy exception in Business and Professions Code section 16602, that case has no impact on our section 1194 analysis.

Our decision is consistent with other cases vacating arbitration awards contravening statutory public policy declarations. *Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193 (*CCPOA*) addressed the arbitrator's authority to change the terms of an MOU between a state agency and an employee bargaining unit where the disputed terms had been approved by the Legislature as required by the Dills Act (Gov. Code, § 3524). The arbitrator modified the MOU to conform to the parties' intent which, due to mutual mistake or inadvertence, was not reflected in the agreement. (*Id*. at p. 1199.) *CCPOA* upheld the trial court's authority to vacate the award as exceeding the arbitrator's powers because, without legislative approval, the modified MOU violated Government Code section 3524 and "the important public policy of legislative oversight of employee contracts." (*CCPOA*, at p. 1203.) *California Dept. of Human Resources v. Service Employees Intern. Union, Local 1000* (2012) 209 Cal.App.4th 1420, and *California Statewide Law Enforcement Assn. v. Department of Personnel Administration* (2011) 192 Cal.App.4th 1 also struck arbitration awards as violating the public policy embodied in the Dills Act.

*Ahdout*, *supra*, 213 Cal.App.4th 21 involved a dispute between real estate development partners over misuse and mismanagement of company funds. The plaintiff sought disgorgement of construction costs from his partner under Business and Professions Code section 7031, subdivision (b), providing for recovery of "compensation paid to an unlicensed contractor for performance of any act or contract." (*Ahdout*, at p. 27.) The arbitrator rejected the plaintiff's statutory claim, finding that although one of the defendant entities was named in the agreement as a general contractor, that entity did not engage in any work typically performed by general contractors. (*Id.* at p. 28.) After the trial court concluded it did not have authority to review the arbitrator's decision (*id*. at p. 29, fn. 5), the appellate court reversed, noting that Business and Professions Code section 7031 contained an explicit legislative expression of public policy regarding

14

unlicensed contractors, constituting a " 'limited and exception circumstance[] justifying judicial review' " under *Moncharsh*. (*Ahdout*, at pp. 36–39.) The court explained that the law was "intended to protect the general public in part from the hazards of shoddy construction work," and it directed the trial court on remand to review the evidence de novo to determine whether disgorgement was warranted. (*Id*. at p. 39.)

*City of Palo Alto v. Service Employees Internat. Union* (1999) 77 Cal.App.4th 327 addressed an arbitrator's reinstatement of a city employee, even though the city had obtained an injunction against the discharged employee contacting another city employee or entering the city's work-crew sites. This court reversed an order denying the city's motion to vacate, concluding that the award violated public policy because it could not be executed without the discharged employee disobeying the injunction. (*Id*. at p. 339.) The arbitrator's decision was "irreconcilable with the public policy requiring obedience to court orders, especially an injunction issued pursuant to Code of Civil Procedure section 527.8." (*Id*. at p. 340.)

Finally, *Jordan* upheld the trial court's vacatur of an $88 million attorney's fees and costs award in a lawsuit involving a legislatively-imposed motor vehicle smog impact fee. The *Jordan* court concluded that the award violated public policy reflected in a statute limiting the award to $18 million. (*Jordan*, *supra*, 100 Cal.App.4th at p. 445.)

### 2. The Trial Court's Remand Did Not Violate Federal Law

Defendant argues that the Federal Arbitration Act (9 U.S.C. § 1, et seq.), which preempts conflicting state law, prohibited the trial court from remanding the narrow fee issue. Citing *Oxford Health Plans LLC v. Sutter* (2013) 133 S.Ct. 2064, 2068, fn. 2, defendant contends that a court may vacate or correct an arbitrator's decision based on legal error under the Federal Arbitration Act only if that error concerns the arbitrator's jurisdiction. Footnote 2 merely recognized that questions of arbitrability, including gateway matters such as the validity of an arbitration agreement or whether the agreement applies to a certain type of controversy, are presumptively for courts to

15

decide.  (*Ibid*.)  The high court did not speak to whether a state court could vacate or correct an award it deemed illegal or otherwise contrary to public policy.  Similar to the California Arbitration Act (the Act), the Federal Arbitration Act provides for vacatur by the district court "where the arbitrators exceeded their powers" (9 U.S.C. § 10(a)(4)), and federal courts have long since recognized a public policy exception to enforcing arbitration awards.  (*United Paperworkers International Union, AFL-CIO v. Misco, Inc*. (1987) 484 U.S. 29, 42–43; *Air Methods Corp. v. OPEIU* (10th Cir. 2013) 737 F.3d 660, 669; *Aramark Facility v. Service Employees Local 1877* (9th Cir. 2008) 530 F.3d 817, 823; *Exxon Shipping Co. v. Exxon Seamen's Union* (3d Cir. 1993) 11 F.3d 1189, 1194.)

### 3. The Trial Court Did Not Err by Failing to Vacate the Award in Its Entirety

Plaintiff argues that the trial court erred by correcting the October 2011 award under Code of Civil Procedure section 1286.6 instead of vacating the award in its entirety under Code of Civil Procedure section 1286.2.  But the court's ruling is supported by *Jones v. Humanscale Corp*. (2005) 130 Cal.App.4th 401 (*Jones*) and *DiMarco*, *supra,* 31 Cal.App.4th 1809.  *Jones* held that the proper remedy to cure an unlawful arbitration costs award was for the court to correct, not vacate, the award.  (*Jones,* at p. 412.)  In *Jones*, once the trial court struck the award, no issue remained requiring arbitral attention. In *DiMarco*, the trial court quantified attorney's fees and costs in the first instance after determining that the arbitrator had exceeded his powers by denying fees and costs mandated by the governing arbitration contract.  The appellate court agreed both that the arbitrator had exceeded his power and that the error was subject to correction under Code of Civil Procedure section 1286.6, subdivision (b), as the correction did not affect the merits of the underlying controversy.  (*DiMarco*, at p. 1815.)  But *DiMarco* also held that the fee quantification was error such that after the trial court had corrected the award to provide for contractual fees, it should have remanded the matter to the arbitrator to determine the amount of fees:  "[N]ot only is the determination as to the amount properly

16

within the purview of the arbitrator, but we observe it is the arbitrator, not the trial court, which is best suited to determine the amount of reasonable attorney['s] fees and costs to be awarded for the conduct of the arbitration proceeding." (*Id*. at pp. 1816–1817.)

Here, as in *DiMarco*, the fee award did not affect the merits of the substantive dispute. Indeed, the trial court correctly noted that it had no authority to upset the arbitrator's rulings on the merits of plaintiff's overtime and missed meal periods claims—rulings unreviewable under the Act. (*Monsharsh*, *supra*, 3 Cal.4th at p. 28.) Vacatur of the award in its entirety under Code of Civil Procedure section 1286.2 would have defeated the finality of those rulings and undermined the Act's purpose to resolve disputes efficiently and conclusively.

**D.    THE TRIAL COURT'S NOVEMBER 2012 POST-REMAND CONFIRMATION**

**1.    The Arbitrator Did Not Exceed His Authority by Considering New California Supreme Court Precedent on Remand**

Plaintiff argues that the trial court erred by confirming instead of vacating the arbitrator's post-remand order denying her attorney's fees under *Kirby*. According to plaintiff, the award cannot stand because the court's remand *required* the arbitrator to award her attorney's fees, notwithstanding intervening California Supreme Court authority holding that the American rule applies to section 226.7 claims. (*Kirby*, *supra*, 53 Cal.4th at p. 1259.) By denying plaintiff's second vacatur petition, the court seemingly was of the view that the arbitrator's application of *Kirby* did not violate its remand order. We have no reason to reject the trial court's understanding of its own instruction. Nor do we otherwise view the arbitrator's ruling as exceeding his authority. Indeed, had plaintiff been in a judicial forum, she would have been bound by *Kirby*, and the arbitration does not entitle her to greater rights than a court litigant.

17

### 2. The Arbitrator Did Not Exceed His Authority by Denying Attorney's Fees to Plaintiff on Her Derivative Section 203 Waiting Time Claim

Plaintiff argues that the arbitrator exceeded his authority, warranting vacatur, by denying attorney's fees on her derivative section 203 waiting time claim. This ruling does not implicate any legislative public policy that would justify interference with the arbitration award. In contrast to section 1194, section 218.5 entitles not only a prevailing employee but also a prevailing employer to an attorney's fees award. Plaintiff does not identify express public policy affording special protection to an employee in the 2012 version of this statute. Given that it allows an employer to recover fees, the 2012 statute cannot be viewed as an express declaration of public policy protecting employees.

Relying on *Armendariz* and *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665 (*Pearson Dental*), plaintiff argues that the Act contains a heightened standard of review for employment arbitration awards, including review of whether she is entitled to section 218.5 attorney's fees for prevailing on her derivative section 203 claim. In *Armendariz*, the Supreme Court addressed whether a mandatory employment arbitration agreement encompassed antidiscrimination claims brought under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.). Concluding that those claims are arbitrable provided the employee is permitted to vindicate his or her statutory rights, the court recognized that certain substantive statutory rights—laws established for a public purpose—are not waivable or forfeited in arbitration, but rather are incorporated into the arbitration agreement. (*Armendariz*, *supra*, 24 Cal.4th at pp. 90, 100–101.)

*Pearson Dental* addressed the trial court's authority to vacate an arbitration award in favor of an employer in an age discrimination action under FEHA. The arbitrator's award was based on a clearly erroneous statute of limitations ruling. Relying on *Armendariz*, the trial court concluded that the arbitrator had exceeded his authority because the award was inconsistent with the claimant's unwaivable statutory rights.

18

(*Pearson Dental*, *supra*, 48 Cal.4th at p. 672.)  Agreeing, the Supreme Court held that "an arbitrator whose legal error has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on [the right to be free from unlawful discrimination under FEHA] has exceeded his or her powers within the meaning of Code of Civil Procedure section 1286.2, subdivision (a)(4), and the arbitrator's award may be properly vacated." (*Id.* at p. 680.)  The court distinguished the legal error as one "misconstru[ing] the procedural framework under which the parties agreed the arbitration was to be conducted, rather than misinterpreting the law governing the claim itself." (*Id.* at pp. 679–680.)

In *Richey*, the Supreme Court elaborated on its *Pearson Dental* discussion: "*Pearson Dental* emphasized that its legal error standard did not mean that all legal errors are reviewable.  [Citation.]  The arbitrator had committed clear legal error by (1) ignoring a statutory mandate, and (2) failing to explain in writing why the plaintiff would not benefit from the statutory tolling period.  The error addressed in *Pearson Dental* therefore kept the parties from receiving a review on the merits.  Its narrow rule was sufficient to resolve the case." (*Richey*, *supra*, 60 Cal.4th at p. 918.)  The arbitration in *Richey* involved a terminated employee's right to reinstatement under the California Family Rights Act.  (CFRA; Gov. Code, §§ 12945.1, 12945.2.)  The Supreme Court granted review to decide whether "courts may review and vacate (or correct) an arbitration award involving both an employee's unwaivable statutory rights [here the right to reinstatement under CFRA] and an employer's written policy forbidding outside employment while on leave." (*Richey*, *supra*, 60 Cal.4th at p. 913.)  The court reviewed the arbitration award and concluded that the employee was not deprived his unwaivable statutory rights because the termination was legally sound and based on grounds not inconsistent with the CFRA.  (*Id.* at pp. 920–921.)

Even if the arbitrator's ruling here—that plaintiff cannot recover attorney's fees on a derivative section 203 waiting time penalty for a section 226.7 violation—is reviewable

19

under *Pearson Dental* and *Richey*, plaintiff is not entitled to vacatur because, in our view, the arbitrator's legal ruling did not deprive plaintiff of an unwaivable statutory right.

We reject plaintiff's argument that a section 203 waiting time claim based on section 226.7 premium pay is an "action [ ]brought for the non-payment of wages" under section 218.5 We understand that the remedy for a section 226.7 violation is an extra hour of pay, but the fact that the remedy is measured by an employee's hourly wage does not transmute the remedy into a wage as that term is used in section 203, which authorizes penalties to an employee who has separated from employment without being paid. Section 203, subdivision (b) provides for suit to be filed "for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Kirby* concluded that "a section 226.7 action is brought for the *nonprovision of meal and rest periods*, not for the 'nonpayment of wages.' " (*Kirby*, *supra*, 53 Cal.4th at p. 1255, italics in original.) Following *Kirby*, section 226.7 cannot support a section 203 penalty because section 203, subdivision (b) tethers the waiting time penalty to a separate action for wages. Because a section 203 claim is purely derivative of "an action for the wages from which the penalties arise," it cannot be the basis of a fee award when the underlying claim is not an action for wages.

### 3. Disqualification and Vacatur Under Code of Civil Procedure Section 1286.2, Subdivision (a)(6)

Plaintiff contends that the August 2012 arbitration award should be vacated under Code of Civil Procedure section 1286.2, subdivision (a)(6), which requires vacatur when an arbitrator "was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of a timely demand to disqualify himself or herself as required by that provision." Plaintiff argues that the arbitrator was subject to disqualification under Code of Civil Procedure section 1281.91, subdivision (d), which provides: "If any ground specified in Section 170.1 exists, a neutral arbitrator shall disqualify himself or herself upon the demand of any party made before the conclusion of the arbitration

20

proceeding." Code of Civil Procedure section 170.1(a)(6)(A)(iii) mandates disqualification if "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." Plaintiff's vacatur claim under Code of Civil Procedure section 1286.2, subdivision (a)(6) is based on undisputed facts. We therefore review the trial court's rejection of that claim de novo. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 383–387.)

Acting under a narrow remand from the trial court in 2012, the arbitrator concluded as a matter of law that plaintiff was not entitled to attorney's fees based on intervening California Supreme Court authority (*Kirby*). Plaintiff challenged that decision in the trial court as exceeding the arbitrator's authority, and the trial court rejected plaintiff's arguments. We have concluded *ante* that the arbitrator was bound by *Kirby* and correctly interpreted *Kirby* as precluding plaintiff from recovering her attorney's fees.

In light of our determination that plaintiff cannot recover attorney's fees in this case as a matter of law, we do not reach her disqualification claim. Vacating the August 2012 arbitration award for bias under Code of Civil Procedure 1286.2, subdivision (a)(6), would not afford plaintiff any effective relief (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454) because remand to a different arbitrator would not affect the result. The new arbitrator would be bound by our interpretation of *Kirby* here and would therefore be required to deny plaintiff's request for attorney's fees.

### 4. The Judgment Did Not Amend the Award

The trial court confirmed the arbitrator's October 2011 and August 2012 awards with two caveats: (1) plaintiff was "deemed the prevailing party … therefore entitled to costs," and (2) no attorney's fees or costs award was to be issued against plaintiff. Defendant views these caveats as amendments to the award. Citing *Pierotti v. Torian* (2000) 81 Cal.App.4th 17 (*Pierotti*), it argues that that the court lacked authority to make them.

21

In *Pierotti*, the arbitrator awarded attorney's fees to the prevailing party under the terms of the arbitration contract. Confirming the award, the court observed: "Who is the prevailing party is a mixed question of law and fact, and we simply have no power to second-guess the arbitrator's decision on that issue." (*Pierotti*, *supra*, 81 Cal.App.4th at p. 26.) As in *Pierotti*, the trial court here was confirming an award driven by a prevailing party determination. The court merely clarified the underlying and undisputed statutory basis for plaintiff's Code of Civil Procedure section 1032 cost award, acknowledged by the arbitrator's citation to *Michell*, *supra*, 49 Cal.App.4th 1194: Plaintiff was entitled to recover her costs under Code of Civil Procedure section 1032 as the prevailing party because she was the party who recovered a net monetary gain. The court was not substantively amending or correcting the award.

We view the court's second clarification—that no fee or cost award shall issue against plaintiff—to be memorializing its earlier correction to the October 2011 award. The remand order had corrected the October 2011 award (Code Civ. Proc., § 1286.6, subd. (b)), and defendant does not claim that the award somehow survived that order or the remand proceedings. In entering judgment, the court was confirming the earlier award except to the extent it had already corrected it. This was not an amendment or otherwise beyond the trial court's authority.

### E. THE TRIAL COURT'S ATTORNEY'S FEES AWARD

The trial court awarded plaintiff $47,037 in attorney's fees for prevailing on the first vacatur petition. Defendant challenges that award, arguing the court had no authority to award fees under the arbitration agreement or by law. We agree that attorney's fees are awardable only when authorized by law, statute, or contract, including an arbitration agreement. (Code Civ. Proc., § 1033.5, subd. (a)(10); *Carole Ring & Assoc. v. Nicastro* (2001) 87 Cal.App.4th 253, 260–261.) Here, the arbitration agreement does not provide a basis for the court's fee award. It provides that each party pay its own attorney's fees "subject to any remedies to which that party may later be entitled under

22

applicable law." Code of Civil Procedure section 1293.2 provides that the prevailing party on a motion to confirm, correct, or vacate an arbitration petition is entitled to a mandatory award of costs, but no applicable law provides for an award of attorney's fees.

Plaintiff argues she is entitled to attorney's fees under section 218.5, but she cites no authority supporting the notion that a statutory attorney's fees provision applying to a substantive claim extends to a petition to vacate an arbitration award resolving that claim, and we know of none. Plaintiff cites *Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, but that case did not involve a petition to vacate an arbitration award. The arbitration in that case was collateral to the lawsuit for which attorney's fees were awarded for public interest work under Code of Civil Procedure section 1021.5. (*Lyons*, at pp. 1337 & fn. 4, 1356.)

Even if a statutory attorney's fees provision applicable to a claim resolved by arbitration could be extended to a proceeding to vacate, correct, or confirm an arbitration award, section 218.5 does not apply to the claims in this case. *Kirby* held that section 218.5 does not apply to section 226.7 claims, and, as we have already explained, plaintiff's section 203 penalty claim likewise does not fall under section 218.5. *Corona v. Amherst Partners* (2003) 107 Cal.App.4th 701, 707, also cited by plaintiff, provides that a court must award costs, including attorney's fees *if authorized by contract*, in a proceeding to confirm, correct or vacate an arbitration award. Plaintiff does not claim that the arbitration agreement authorizes attorney's fees. Because we vacate the award as lacking any basis in law or contract, we do not address defendant's reasonableness challenge to the fee amount.

### III. DISPOSITION

The November 30, 2012 order and judgment confirming the arbitration award is affirmed. The March 25, 2013 order awarding attorney's fees to plaintiff is vacated. Defendant is entitled to costs on appeal related solely to the March 25, 2013 order.

23

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P.J.

_____

Márquez, J.

*Ling v P.F. Chang's China Bistro, Inc.*
**H039367**

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court No. M115038 |
| Trial Judge: | Hon. Lydia M. Villarreal |
| Counsel for Plaintiff/Appellant<br>Cynthia Ling | Christopher Edward Panetta<br>Fenton & Keller |
| Counsel for Defendant/Appellant P.F.<br>Chang's China Bistro, Inc | James Charles Fessenden<br>Jeffrey Richard Thurrell<br>Fisher & Phillips LLP |

*Ling v P.F. Chang's China Bistro, Inc.*
**H039367**