Filed 3/21/22  Faro v. Garnero CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| STEVEN FARO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>ROBERT GARNERO,<br><br>    Defendant and Respondent. | C093870<br><br>(Super. Ct. No. 190262) |

After appellants Steven and Beverly Faro (Buyers) purchased a home from respondent Robert Garnero (Seller), a dispute arose regarding Seller's disclosures to Buyers.  An arbitrator ruled for Seller, and awarded attorney fees to him as the prevailing party in the arbitration.  The trial court granted Seller's petition to confirm the arbitration awards.  On appeal, Buyers argue the arbitrator exceeded his powers by:  (1) violating their statutory rights; (2) acting in a manner not authorized by the parties' residential

1

purchase agreement (Agreement); (3) deciding an issue not submitted to arbitration; and (4) remaking the Agreement.

We affirm, and deny Seller's motion for sanctions on appeal.

## BACKGROUND

After Buyers purchased a home from Seller in December 2016, a question arose whether Seller "failed to disclose that the home had problems with water intrusion." Buyers requested the parties mediate the dispute, without success.

Buyers then filed a civil action in the trial court, and Seller moved to compel arbitration pursuant to the Agreement. The trial court granted Seller's motion, observing it was "undisputed by the parties that there is an agreement to arbitrate."

*The Agreement*

Paragraph No. 22A of the Agreement, concerning mediation, provides: "MEDIATION: The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action . . . . If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. . . . Exclusions from this mediation agreement are specified in paragraph 22C."

Paragraph No. 22B of the Agreement, concerning arbitration, provides: "ARBITRATION OF DISPUTES: [¶] The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. . . . The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. . . . Judgment upon the award of the arbitrator(s) may be entered

2

into any court having jurisdiction. . . . Exclusions from this arbitration agreement are specified in paragraph 22C."

Paragraph No. 22C of the Agreement provides, in pertinent part: "ADDITIONAL MEDIATION AND ARBITRATION TERMS: [¶] (1) EXCLUSIONS: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract . . . ; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court."

Paragraph No. 25 of the Agreement, concerning attorney fees, provides: "ATTORNEY FEES: In any action, proceeding, or arbitration between [the parties] arising out of this Agreement, the prevailing [party] shall be entitled to reasonable attorney fees and costs from the non-prevailing [party], except as provided in paragraph 22A."

*Arbitrator's Rulings*

After the matter went to arbitration, the arbitrator issued a decision and order granting summary judgment in favor of Seller and against Buyers. The arbitrator determined Buyers "we[re] aware of the problems . . . and chose to accept them." "[I]nspection reports warn[ed] of water intrusion problems and advise[d] that remedial work was needed." But Buyers "opted to take a $5,000 credit and accepted the property 'as is,' " instead of "requesting [the] remedial work be performed."

As the "prevailing party" to the arbitration, Seller asked the arbitrator for an award of attorney fees and costs. Rejecting Buyers' contention that Seller "refuse[d] mediation" (which, under paragraph No. 22A, clause (ii), of the Agreement, might have precluded recovery) the arbitrator ruled Seller was entitled to over $38,000 in fees and costs. Specifically, the arbitrator determined that, while Buyers did indeed "request to mediate," it was "debat[able] whether [Seller] actually saw or understood the request," as "[t]he record" of "correspondence" was "open to interpretation."

3

The arbitrator further explained that he found unpersuasive Buyers' reliance on *Frei v. Davey* (2004) 124 Cal.App.4th 1506 (*Frei*), in support of their contention that Seller refused to mediate, because the appellate court in that case "found that to refuse is to show a positive unwillingness to mediate," which was "not the case here."

*Proceedings in the Trial Court*

Seller petitioned to confirm the arbitration award in the trial court, and Buyers sought to vacate the award. Buyers argued the arbitrator exceeded his authority by ruling that (a) the "as is" clause in the Agreement was valid, and (b) Seller did not refuse to mediate.

In January 2021, the trial court rejected Buyers' arguments and granted Seller's petition to confirm the arbitration award, explaining that Buyers' arguments "would require th[e] [trial] [c]ourt to replace the arbitrator's reasons related to facts and the law with [its] own judgment. This is just the type of review that is prohibited when arbitration occurs."

Buyers timely appealed the trial court's judgment for Seller.

## DISCUSSION

### I

### *Background Legal Principles*

"Code of Civil Procedure section 1286.2[1] directs the trial court to vacate an arbitration award when '[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.' (*Id.*, subd. (a)(4).) Similarly, . . . section 1286.6 authorizes the court to 'correct the award and confirm it as corrected if the court determines that: [¶] . . . [¶] (b) [t]he arbitrators

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

4

exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted.' (*Id.*, subd. (b).)

"In *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 (*Moncharsh*), the California Supreme Court 'limit[ed] judicial review of private arbitration awards to those cases in which there exists a statutory ground to vacate [Code Civ. Proc., § 1286.2] or correct [Code Civ. Proc., § 1286.6] the award.' An arbitrator does not exceed his power, allowing for statutory vacatur or correction, by reaching an erroneous decision. (*Ibid.*) The arbitrator has authority to resolve the merits of the submitted controversy in its entirety, including all contested issues of law and fact, as the resolution of those issues was bargained for in the arbitration agreement. (*Ibid.*)

" 'Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy.' (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*).) 'Vacating an arbitration award based on public policy or a statutory right requires an explicit legislative expression of a public policy violated by the award or a conflict with a statutory scheme.' [Citation.] Courts are otherwise reluctant to invalidate an arbitration award because 'the Legislature has already expressed its strong support for private arbitration and the finality of arbitral awards in title 9 of the Code of Civil Procedure.' " (*Ling v. P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1252 (*Ling*).)

"In determining whether an arbitration award contravenes public policy, we review the trial court's decision de novo." (*Ling, supra*, 245 Cal.App.4th at p. 1252.)

II

*Summary Judgment*

Buyers argue the arbitrator exceeded his powers by violating their statutory rights. Specifically, Buyers argue the arbitrator's summary judgment for Seller was "contrary to [their] statutory right to disclosure" under section 1102.1 of the Civil Code, which provides that "delivery of a real estate transfer disclosure statement may not be waived in

5

an 'as is' sale." (Civ. Code, § 1102.1, subd. (a).) Seller argues this argument "is a red herring because this was not an 'as is' sale with no disclosures or inspections. It was a sale made after all required statutory disclosures" and delivery of a transfer disclosure statement (TDS). We agree with Seller.

At no point during this dispute (including in this appeal) have Buyers asserted that Seller failed to provide a TDS to them. Rather, Buyers argue that Seller "falsely answer[ed] 'No' " to questions about water intrusion in the TDS,[2] and that those false answers amounted to nondisclosure of the problem.

But subdivision (a) of Civil Code section 1102.1 is concerned with outright waiver of a TDS by a buyer of real estate, not provision of a fraudulent or faulty TDS by a seller. (Cf. *Michel v. Moore & Associates, Inc.* (2007) 156 Cal.App.4th 756, 760, 762 [discussing "fraudulent concealment" cause of action in connection with the failure of a TDS to disclose certain known defects].) As there is no dispute here that a TDS was delivered, the statute is not implicated.

Accordingly, Buyers' argument that the arbitrator exceeded his authority by violating their statutory rights is unpersuasive.

### III

#### *Fees and Costs Award*

Regarding the arbitrator's award of attorney fees and costs, Buyers argue he exceeded his powers by "[a]cting in a manner not authorized" by the Agreement; "deciding an issue not submitted to arbitration"; and "remaking the contract." We disagree.

---

[2] Specifically, Buyers contend Seller answered falsely in connection with item Nos. 8 and 9 in part II(C) of Civil Code section 1102.6, subdivision (a). (Cf. *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1187 ["The form of the required TDS is set forth in detail in section 1102.6"].)

6

A. "*Legal Error*"

Buyers argue the arbitrator committed "legal error" by misapplying principles articulated in *Frei, supra*, 124 Cal.App.4th 1506, and that "this legal error exceeded his powers," as he was "required by the [Agreement] to conform his ruling to law." Seller argues the asserted legal error "is not a basis to overturn the [arbitrator's] award." We agree with Seller.

" 'Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration. Thus, an arbitration decision is final and conclusive because the parties have agreed that it be so. By ensuring that an arbitrator's decision is final and binding, courts simply assure that the parties receive the benefit of their bargain.' ([*Moncharsh, supra*, 3 Cal.4th] at p. 10.)

" 'Moreover, "[a]rbitrators, *unless specifically required to act in conformity with rules of law*, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action. " [Citations.]' (*Moncharsh, supra*, 3 Cal.4th at pp. 10-11.)" (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1355, original italics omitted, our italics added (*Cable Connection*).)

"If the parties constrain the arbitrators' authority by requiring a dispute to be decided according to the rule of law, *and* make plain their intention that the award is reviewable for legal error, the general rule of limited review has been displaced by the parties' agreement. Their expectation is not that the result of the arbitration will be final and conclusive, but rather that it will be reviewed on the merits at the request of either party. That expectation has a foundation in the statutes governing judicial review, which include the ground that '[t]he arbitrators exceeded their powers.' (§§ 1286.2, subd. (a)(4), 1286.6, subd. (b).)" (*Cable Connection, supra*, 44 Cal.4th at pp. 1355-1356.)

7

In *Cable Connection*, our Supreme Court ruled the parties "*expressly . . .* agreed" "to take themselves out of the general rule that the merits of the award are not subject to judicial review," by "*clearly* agree[ing] that legal errors [we]re an excess of arbitral authority . . . reviewable by the courts." (*Cable Connection, supra*, 44 Cal.4th at p. 1361, italics added.) The relevant provision of the arbitration agreement provided, " 'The arbitrators shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.' " (*Id.* at p. 1361, fn. 20.)

Here, Buyers point to no such language in the Agreement. Paragraph No. 22B of the Agreement provides simply that "any dispute or claim in Law or equity arising between [the parties] out of this Agreement . . . shall be decided by neutral, binding arbitration." This is far short of an express agreement by the parties that legal error by the arbitrator is subject to judicial review.[3]

Thus, because Buyers have failed to demonstrate that any provision of the Agreement contains language reflecting a clear agreement by the parties to subject legal error by the arbitrator to judicial review, Buyers' "legal error" argument is unavailing.

B. *"Remaking" the Agreement*

Buyers argue the arbitrator's award of attorney fees "exceeded his contractually limited authority to award such fees," because of language in the Agreement permitting attorney fees "only . . . where [a party] did not refuse . . . pre-litigation mediation

---

[3] Buyers argue that language in Paragraph No. 22B (that "[t]he arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience") was included "to ensure that the arbitrator will follow the law correctly." Perhaps. But the operative question is whether this language was an express and clear agreement by the parties that any legal errors by the arbitrator would be *reviewable by the courts*. It is not.

requests." By doing so, Buyers contend the arbitrator thereby "arbitrarily rema[d]e" the Agreement. We disagree.

" 'Absent an express and unambiguous limitation in the contract or the submission to arbitration, an arbitrator has the authority to find the facts, interpret the contract, and award any relief rationally related to his or her factual findings and contractual interpretation.' " (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 358.)

Here, the arbitrator's award of attorney fees was based in part on his determination that Seller *did not refuse* Buyers' mediation requests. That was a factual finding, and an *application* of the Agreement; not a remaking of it.

To the extent the arbitrator's determination that Seller did not refuse prelitigation mediation requests was based on an interpretation of the Agreement, Buyers' argument is still unavailing, as Buyers point to no express and unambiguous language in the Agreement limiting the arbitrator's authority to interpret the Agreement.

And even if the arbitrator's determination that Seller did not refuse Buyers' mediation requests was based on an erroneous understanding of principles articulated in *Frei* (e.g., that "to refuse is to show a positive unwillingness to mediate," which was "not the case here"), such error is not grounds to disturb the arbitrator's award, as explained in our analysis of Buyers' contention of "legal error."

C. *Issue "Not Submitted to Arbitration"*

Buyers argue the "the issue of whether [Seller] accepted or rejected [Buyers'] pre-litigation mediation requests was not submitted to arbitration in the first place," and that the arbitrator thereby exceeded his powers by deciding the issue. We disagree.

Paragraph No. 22A of the Agreement, says that "[i]f . . . any Party . . . before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees." Paragraph No. 22B of the Agreement provides that "*any* dispute or claim in Law or equity *arising between* [*the parties*] *out of this Agreement* . . . shall be decided by neutral, binding arbitration."

9

(Italics added.)  The question whether one party to the Agreement may have refused the other party's mediation requests—thereby precluding attorney fees for the "refusing" party under Paragraph No. 22A—clearly falls within Paragraph No. 22B's language ("any dispute . . . arising . . . out of this Agreement").  (See *Heimlich v. Shivji, supra*, 7 Cal.5th at p. 358 [absent an express and unambiguous limitation, arbitrator has authority to find facts, interpret the contract, and award any relief related to factual findings and contractual interpretation].)  Thus, the question was properly decided by the arbitrator.

## IV

### *Forfeited Argument*

In their reply brief, Buyers argue the trial court erred by "fail[ing] to find a waiver of [Seller's] right to arbitration."  Buyers forfeited this argument by failing to clearly raise it in their opening brief.  (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218-1219; see *San Joaquin River Exchange Contractors Water Authority v. State Water Resources Control Bd.* (2010) 183 Cal.App.4th 1110, 1135 [argument forfeited for lack of separate heading]; Cal. Rules of Court, rule 8.204(a)(1)(B).)

## V

### *Sanctions*

Seller has filed a motion for sanctions against Buyers for filing a frivolous appeal.  We deny the motion.

"Section 907 provides that '[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.'  Similarly, California Rules of Court, rule 8.276(a), provides that an appellate court has the authority to 'impose sanctions . . . on a party or an attorney for:  [¶]  Taking a frivolous appeal or appealing solely to cause delay. . . .' " (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1208 (*McCluskey*).)

10

"[O]ur Supreme Court has advised us that we should hold that an appeal is 'frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisput[ab]ly has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.] [¶] . . . [T]he punishment should be used most sparingly to deter only the most egregious conduct.' (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651.) Here we cannot conclude that [Buyers'] appeal is *so totally and completely without all arguable merit* as to justify an award of sanctions under those demanding requirements." (*McCluskey, supra*, 56 Cal.App.5th at p. 1208, italics added.)

This is so because, if nothing else, Buyers' argument that the arbitrator exceeded his powers by violating their statutory rights under Civil Code section 1102.1, while unpersuasive, is not completely without arguable merit.

Nor can we conclude that the appeal was prosecuted to harass Seller. *In re Marriage of Economou* (1990) 223 Cal.App.3d 97, invoked by Seller in his motion, wherein a panel of this court imposed sanctions on appeal, concerned "the third in a series of appeals by husband . . . following the dissolution of marriage between husband and wife." (*Id.* at p. 100.) Before imposing sanctions, the panel noted "husband's indefatigable attempts to evade the [trial] court's orders," and observed that the trial court "noted[ ] '[husband] [s]eems to be obsessed with the idea that somehow he's going to consume all the money in taxes and attorney's fees and somehow he's going to damage [wife] here.' This, in our view, constitutes the harassment condemned by [*In re Marriage of*] *Flaherty*." (*Id.* at pp. 104, 106.) Here, we have no such record of flagrant bad behavior and ill-motive.

Nor do we believe sanctions are warranted for "infractions" of the rules of court regarding appellate briefing that Seller identifies in his motion.

## DISPOSITION

The judgment is affirmed.  The motion for sanctions is denied.  Respondent (Seller) is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

    /s/
EARL, J.

We concur:

    /s/
HULL, Acting P. J.

    /s/
ROBIE, J.