Filed 8/27/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANNIE REDDISH, et al.,<br><br>     Plaintiffs and Respondents,<br><br>v.<br><br>WESTAMERICA BANK,<br><br>     Defendant and Appellant. | A161079<br><br><br>(Alameda County Super. Ct.<br>Nos. JCCP4921, RG15757606) |

In this class action, the trial court ordered the parties to share equally the costs of certain depositions. We must answer a threshold question—whether the order is appealable under the collateral order doctrine. We conclude that it is not, and we dismiss the appeal.

**BACKGROUND**

The plaintiffs represent a certified class of current and former employees of Westamerica Bank who allege that Westamerica violated the Labor Code, including rules governing compensation for overtime, meals, and rest breaks. In their trial plan, the plaintiffs proposed, and Westamerica agreed, that the parties would depose 30 class members as part of a pilot study to determine how many additional depositions are needed for a valid random sample of the class generally. Over Westamerica's objection, the trial court ordered that the parties share the deposition costs equally.

## DISCUSSION

### A.

Whether an order is appealable is a jurisdictional question. (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222.)  When, as here, the order is not appealable, we must dismiss the appeal.  (*Ibid.*)

Civil cases in California are governed by the "one final judgment" rule, which "prohibits review of intermediate rulings by appeal until final resolution of the case." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)  The rule is a bedrock principle of appellate practice, codified in Code of Civil Procedure, section 904.1.[1]  (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.)  The rationale for the rule " ' "is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case. " ' " (*Id.* at p. 756.)  Courts should not recognize exceptions to the one final judgment rule unless " 'clearly mandated.' " (*Id.* at p. 757.)

Westamerica relies on a common law exception to the one final judgment rule, the collateral order doctrine, under which some interim orders are deemed appealable "judgments" because they are essentially the same as a final judgment. (See *Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 464.)  To be appealable, a collateral order must satisfy three elements: the order must (1) finally determine (2) a matter collateral to the litigation and (3) require the payment of money or performance of an act.  (*Marsh v. Mountain Zephyr, Inc.* (1996) 43

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Cal.App.4th 289, 297-298; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2020), § 2:77.)

Here, the matter is not final. Whether Westamerica ultimately pays for these depositions remains an open question. At the end of the case, the prevailing party may recover its costs, including deposition costs, under section 1032. (See §§ 1032, subd. (b), 1033.5, subds. (a)(3)(A)-(C), (a)(7), (c)(4); *Ling v. P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1253-1254 [in the absence of a statute providing otherwise, the prevailing party in a Labor Code action may recover costs under Code of Civil Procedure section 1032]; see also *id.* at p. 1263 [affirming award of costs under Code of Civil Procedure section 1032 to plaintiff who prevailed on missed meal periods claim].) Because Westamerica's liability for deposition costs has not been finally determined, and any error in the interim order may prove harmless, the issue is not ripe for appellate review. (See *City of Los Angeles v. City of San Fernando* (1975) 14 Cal.3d 199, 297 [declining to review interim allocation of referee costs that may later be recovered under § 1032], disapproved on another ground by *City of Barstow v. Mojave Water Agency* (2000) 23 Cal.4th 1224, 1248.)

As Westamerica notes, other courts have permitted appeals of interim cost orders under the collateral order doctrine. But those cases do not consider whether a final cost allocation could make the interim order moot. (See, e.g., *San Diego Unified Port Dist. v. Douglas E. Barnhart, Inc.* (2002) 95 Cal.App.4th 1400, 1402 & fn. 1; *Asbestos Claims Facility v. Berry & Berry* (1990) 219 Cal.App.3d 9, 18, disapproved on another ground by *Kowis v. Howard* (1992) 3 Cal.4th 888, 896-898; see also *Serrano v. Stefan Merli Plastering Co., Inc.*

(2008) 162 Cal.App.4th 1014, 1026.)  We therefore decline to follow them.

At oral argument, Westamerica suggested that some unusual deposition-related costs may not be recoverable under section 1032 (although it was unwilling to concede the point).  This simply underscores the fact that Westamerica's liability for these costs is unknown at this stage.  In a final cost allocation, the parties can argue which costs should be recovered, and the court may be required to exercise its discretion on some items.  (See § 1033.5, subd. (c)(4) ["Items not mentioned in this section . . . may be allowed or denied in the court's discretion."]; *Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal.App.4th 11, 29-30 [where cost items are not expressly prohibited by section 1033.5, they are "recoverable in the trial court's discretion if 'reasonably necessary to the conduct of the litigation' "].)  Because the outcome remains uncertain, the matter has not been finally determined for purposes of the collateral order doctrine.  (*Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967 [the policy underlying the one final judgment rule is served when a later trial court ruling may obviate the need for an interlocutory appeal].)

## B.

We summarily reject Westamerica's one-sentence request to treat this appeal as a petition for an extraordinary writ.  (See *Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055 [declining to treat a nonappealable order as a writ petition absent extraordinary circumstances].)

## DISPOSITION

Westamerica's appeal is dismissed.

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
NEEDHAM, J.

A161079

Alameda County Superior Court Case Nos. JCCP4921, RG15757606, The Honorable Brad Seligman

Lawyers for Justice, PC, Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh and Charles T. Sweeny; Schneider Wallace Cottrell Konecky LLP, Carolyn Hunt Cottrell and David C. Leimbach, for Plaintiffs and Respondents.

Arent Fox LLP, Paul R. Lynd and Lynn R. Fiorentino, for Defendant and Appellant.