Filed 8/21/23  UST Global v. Third Eye CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| UST GLOBAL INC., | |
| Plaintiff and Respondent, | G061428 |
| v. | (Super. Ct. No. 30-2021-01222854) |
| THIRD EYE, INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Layne H. Melzer, Judge.  Affirmed.

Shaw, Koepke & Satter, John W. Shaw; Frost Brown Todd, Todd J. Harlow, Benjamin A. West and S. Christopher Yoo for Defendant and Appellant.

Carrington, Coleman, Sloman & Blumenthal, Monica W. Latin, Monica E. Gaudioso; Fisher & Phillips, Mark Jacobs, Ryan Wheeler and Danielle Zobel for Plaintiff and Respondent.

Pursuant to the parties' written agreement for arbitration of disputes, UST Global Inc. (UST) brought a claim for breach of contract against Third Eye, Inc. (Third Eye).  Third Eye asserted counterclaims, including a claim for misappropriation of trade secrets.  The arbitrator found in favor of UST and against Third Eye on the trade secrets claim.  Third Eye filed a petition in the trial court to vacate the arbitration award.  The court denied Third Eye's petition and confirmed the award; Third Eye appealed.

Third Eye argues the arbitrator committed legal error by refusing to consider evidence produced by Third Eye after the discovery cutoff.  Third Eye also argues the arbitrator exceeded his authority by ruling against it on the trade secrets claim, as Third Eye did not pursue the claim at the arbitration hearing but never dismissed it.  Finally, Third Eye argues the arbitrator failed to disclose a concurrent appointment in a conflicting matter arising after the arbitration hearing and after the final arbitration award was filed but before the reconsideration period expired.  We reject each of these arguments and affirm.


STATEMENT OF FACTS AND PROCEDURAL HISTORY

The parties entered into a Master Services Agreement, under the terms of which UST was to create trade secret software solutions for Third Eye.  The agreement required the parties to submit any disputes arising under the agreement to arbitration under California law.  When a dispute arose, UST submitted its claim for breach of contract to a private arbitrator.  Third Eye filed counterclaims, including a claim for misappropriation of trade secrets under the California Uniform Trade Secrets Act, Civil Code section 3426 et seq.[1]

---

[1]  The other claims were for a declaratory judgment, breach of contract, interference with contract, interference with prospective economic interest, and respondeat superior.

2

In an order following a January 7, 2021 scheduling hearing, the arbitrator noted deadlines "will be strictly enforced and adhered to." The order incorporated Code of Civil Procedure section 2019.210[2] and required Third Eye to identify "the trade secrets at issue with reasonable particularity on or before January 19, 2021." No discovery on the trade secrets claim was permitted before that date. The order also set a deadline to complete written and deposition discovery on June 30, 2021.

The arbitrator rejected Third Eye's initial submission regarding the trade secrets at issue. Third Eye claimed it could not identify its trade secrets with "'reasonable particularity'" because this information had been deleted by the UST employees who misappropriated the trade secrets.

The arbitrator also found a second submission to be insufficient and set a deadline of July 2, 2021 for Third Eye to amend its trade secret identification.

On July 2, 2021, Third Eye submitted a second amended trade secret identification. UST objected on the grounds the second amended identification failed to identify the claimed trade secrets with reasonable particularity; UST contended Third Eye failed to precisely identify each trade secret claimed and to distinguish which portions were and were not claimed to be trade secrets. The arbitrator found the second amended identification did not meet the requirements of section 2019.210 and Third Eye had failed to identify any trade secrets. UST also raised an evidentiary objection to several documents attached to the second amended identification on the grounds they had not been produced in response to discovery. (Third Eye does not contend these documents had been produced in discovery before the June 30, 2021 deadline.) The arbitrator agreed and refused to consider the exhibits.

_____

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

3

A final arbitration hearing was conducted in August 2021. In the arbitrator's final award, the arbitrator granted UST's claim for breach of contract, awarding damages against Third Eye in the amount of $481,991, plus pre- and post-judgment interest, and denied all of Third Eye's claims, including the trade secret claim.

UST filed a petition to confirm the arbitration award. (§ 1285.) Third Eye filed a cross-petition to vacate the award on the grounds the arbitrator exceeded his authority and refused to hear material evidence. (§ 1286.2, subd. (a)(4), (5).) Several months later, Third Eye filed an opposition to UST's petition in which it raised the same two arguments and additionally argued the arbitrator had failed to comply with disclosure requirements. The trial court entered judgment confirming the arbitrator's final award. Third Eye appealed.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

"We review a trial court's order confirming an arbitration award de novo. [Citation.] However, '[t]o the extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues.' [Citation.]" (*Cox v. Bonni* (2018) 30 Cal.App.5th 287, 305.) We do not review the merits of the controversy, the validity of the arbitrator's reasoning, or the sufficiency of the evidence supporting the award. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.) Further, errors of law by the arbitrator are not reviewable, no matter how significant they are. (*Ibid.*) "The exceptions to the limits on review of awards protect against error that is so egregious as to constitute misconduct or so profound as to render the process unfair." (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 368.)

4

## II.

### THE ARBITRATOR DID NOT COMMIT LEGAL ERROR BY REFUSING TO CONSIDER EVIDENCE SUPPORTING THE TRADE SECRETS CLAIM

Third Eye argues the arbitrator's refusal to consider evidence it produced after the discovery cutoff substantially prejudiced it and requires vacatur of the arbitration award. An award must be vacated if "[t]he rights of the party were substantially prejudiced . . . by the refusal of the arbitrators to hear evidence material to the controversy . . . ." (§ 1286.2, subd. (a)(5).) As Third Eye notes in its opening appellate brief, this provision "was designed as a 'safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case.' [Citation.]" (*Heimlich v. Shivji, supra,* 7 Cal.5th at p. 368.)

An award is properly vacated under section 1286.2, subdivision (a)(5) when one side is permitted to testify without being sworn, and the other side is neither permitted to cross-examine that witness nor to testify herself. (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1097–1100.) On the other hand, an award may not be vacated under that subdivision when the arbitrator refuses to consider evidence it finds legally irrelevant. (*Heimlich v. Shivji, supra*, 7 Cal.5th at p. 369.)

Case law holds an arbitrator's refusal to consider evidence offered by a party generally does not require the award be vacated. The argument that an arbitration award should be vacated because "the arbitrator did not permit [a party] to offer material evidence . . . could be made in virtually every case where the arbitrator has excluded some evidence or placed limitations on discovery. . . . Plainly, this type of attack on the arbitrator's decision, if not properly limited, could swallow the rule that arbitration awards are generally not reviewable on the merits. Accordingly, a challenge to an arbitrator's evidentiary rulings or limitations on discovery should not provide a basis for vacating an award unless the error *substantially prejudiced* a party's ability to present

5

material evidence in support of its case.  [Citation.]" (*Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096, 1110.)

"In the typical arbitration, an arbitrator must make numerous decisions about admission of evidence and in doing so may exclude material evidence.  No doubt there will often be aggrieved parties who believe they have been 'substantially prejudiced.'  Decisions about materiality cannot be made without familiarity with the issues and evidence in the arbitration.  If the superior court must, with or without a transcript of the arbitration, routinely review the arbitrator's decision on materiality before reaching the question of substantial prejudice, the legislative goal of arbitral finality will be unattainable.  Instead of saving time and money, the arbitration will be supplemented by lengthy and costly judicial second-guessing of the arbitrator.  [¶] . . . [¶] . . . Where, as here, a party complains of excluded material evidence, the reviewing court should generally focus first on prejudice, not materiality.  To find substantial prejudice the court must accept, for purposes of analysis, the arbitrator's legal theory and conclude that the arbitrator might well have made a different award had the evidence been allowed." (*Hall v. Superior Court* (1993) 18 Cal.App.4th 427, 438–439.)

"Courts have repeatedly instructed litigants that challenges to the arbitrator's rulings on discovery, admission of evidence, reasoning, and conduct of the proceedings do not lie.  [Citations.]  Plaintiffs' crude attempt to characterize their claims so they would fall within acceptable bases for an appeal is an artifice we condemn." (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 167.)

Here, the arbitrator refused to consider evidence produced by Third Eye after the discovery cutoff.  Third Eye does not contend the documents in question were produced before the cutoff, nor does Third Eye provide a reasonable explanation why they were not produced two days earlier, before the cutoff.  At the scheduling conference, the arbitrator and the parties agreed on dates for identification of trade secrets by Third Eye, with the further agreement that discovery on the trade secrets would not be

conducted before the identification was complete, and for a discovery cutoff. The arbitrator provided Third Eye two additional attempts to provide a sufficient, complete identification of trade secrets. Third Eye's third and final attempt to identify the trade secrets occurred after the discovery cutoff, at which time it produced the documents in question. Nothing in this record establishes the arbitrator's enforcement of the agreed-upon deadlines substantially prejudiced Third Eye.

III.

THE ARBITRATOR DID NOT EXCEED HIS AUTHORITY<br>BY DENYING THE TRADE SECRETS CLAIM

An arbitration award must be vacated if "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).) "This exception is narrowly construed. Arbitrators do not exceed their powers by reaching erroneous factual or legal conclusions on the merits of the parties' claims, even if the award causes substantial injustice to one of the parties." (*Emerald Aero, LLC v. Kaplan* (2017) 9 Cal.App.5th 1125, 1138.)

In determining whether an arbitrator has exceeded his powers in making an award, courts must "pay substantial deference to an arbitrator's determination of his own authority." (*Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 655.) "Any doubts about the arbitrator's power to decide these issues must be resolved in his favor. [Citation.]" (*Roehl v. Ritchie* (2007) 147 Cal.App.4th 338, 347–348.)

"An arbitrator does not exceed his power . . . by reaching an erroneous decision. [Citation.] The arbitrator has authority to resolve the merits of the submitted controversy in its entirety, including all contested issues of law and fact, as the resolution of those issues was bargained for in the arbitration agreement. [Citation.]" (*Ling v. P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1252.)

7

"Our inquiry under § 10(a)(4)[3] thus focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." (*DiRussa v. Dean Witter Reynolds, Inc.* (2d Cir. 1997) 121 F.3d 818, 824.)

An arbitrator exceeds his or her power if the award "has the effect of violating a party's statutory rights or well-defined public policies—particularly those rights and policies governing the conduct of the arbitration itself." (*Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 765, italics omitted, citing *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 679–680, and *Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 287–288.)

Third Eye contends the arbitrator's dismissal of the trade secrets claim was in excess of his jurisdiction because the claim was not ripe for determination. Third Eye admits it submitted the trade secrets claim to arbitration, and the claim was clearly within the arbitration provision of the parties' agreement. Third Eye nevertheless contends the arbitrator could not rule on the claim because, due to Third Eye's failure to timely identify the trade secrets at issue, no discovery was conducted on the claim. Third Eye admits it "did not pursue its [trade secrets] claim at the final [arbitration] hearing." But nothing in the appellate record shows Third Eye dismissed its claim or in any way removed it from the arbitration proceedings.

Once a claim is submitted to a factfinder with jurisdiction, the factfinder has the authority to decide that claim unless it is dismissed. The party's failure to present evidence on the claim (whether because of an inability to obtain or introduce relevant evidence or because of an error by counsel) does not deprive the factfinder of

---

[3]  Under the Federal Arbitration Act, one of the grounds for vacating an arbitration award is "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (9 U.S.C. § 10(a)(4).)

8

jurisdiction.  There is no difference between what happened here and a litigation matter in which a party has no evidence to offer at trial.  Absent any effort on the part of Third Eye to dismiss the trade secrets claim from the arbitration, there was no error by the arbitrator in ruling against Third Eye on that claim.  There was no violation of an unwaivable statutory right or of an important public policy.

IV.

THE ARBITRATOR DID NOT FAIL TO DISCLOSE A CONCURRENT APPOINTMENT
AS A MEDIATOR IN A CONFLICTING MATTER

The arbitrator, John DeGroote, provided written disclosure of his previous relationships with the parties and their attorneys on November 17, 2020.  DeGroote disclosed over the preceding five years, he had retained the law firm of Carrington, Coleman, Sloman & Blumenthal (Carrington Coleman) in connection with a matter in which he served as a trustee, and he had mediated approximately seven matters involving Carrington Coleman.

On August 27, 2021, a case entitled *Southwest Airlines Company v. Kiwi.com, Inc., et al.* (N.D.Tex., Civ. A. No. 3:21-cv-00098-E) was ordered to mediation before DeGroote.  On September 15, 2021, Monica E. Gaudioso of Carrington Coleman filed a notice of appearance on behalf of defendants Kiwi.com, Inc. and Kiwi.com s.r.o.  Gaudioso and Carrington Coleman are counsel for UST in the present case.

A trial court must vacate an arbitration award if the arbitrator "failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware."  (§ 1286.2, subd. (a)(6).)

One of the statutory grounds for disqualification that must be disclosed is "the proposed neutral arbitrator . . . has a *current arrangement* concerning prospective employment or other compensated service as a dispute resolution neutral or *is participating in, or, within the last two years, has participated in*, discussions regarding such prospective employment or service with a party to the proceeding."  (§ 1281.9,

9

subd. (a)(1), italics added.) The disclosure must be made "to all parties in writing within 10 calendar days of service of notice of the proposed nomination or appointment." (§ 1281.9, subd. (b).)

The disclosure requirements of the Code of Civil Procedure are reemphasized in the California Rules of Court, Ethics Standards for Neutral Arbitrators in Contractual Arbitration (Ethics Standards). Standard 7(d) requires "[a] proposed arbitrator or arbitrator [to] disclose all matters that could cause a person aware of the facts to reasonably entertain a doubt that the arbitrator would be able to be impartial, including . . . [t]he arbitrator is serving[4] or has served as a dispute resolution neutral other than an arbitrator in another pending or prior noncollective bargaining case involving a party or lawyer for a party and the arbitrator received or expects to receive any form of compensation for serving in this capacity." (Ethics Standards, std. 7(d)(5). The duty to disclose "is a continuing duty, applying from service of the notice of the arbitrator's proposed nomination or appointment until the conclusion of the arbitration proceeding." (Ethics Standards, std. 7(f).)[5] The initial disclosure must be made within 10 calendar days of "service of notice of the proposed nomination or appointment," and

---

[4] The Ethics Standards do not specify when an arbitrator *is serving* as a mediator, i.e., whether service begins when the court issues an appointment order, when the mediator accepts the appointment, or at some other time.

[5] It is not clear whether the duty to supplement applies to an arbitrator's appointment to serve as a mediator in another case after the arbitration hearing has been conducted. The comment to Ethics Standard 7 provides: "This standard also requires that if arbitrators subsequently become aware of any additional such matters, they must make supplemental disclosures of these matters within 10 days of becoming aware of them. This latter requirement is intended to address both matters existing at the time of nomination or appointment of which the arbitrator subsequently becomes aware and new matters that arise based on developments during the arbitration, such as the hiring of new counsel by a party." (Ethics Standards, comment to std. 7.) The present situation does not fall within either of these broad categories.

must be supplemented within 10 calendar days if he or she "subsequently becomes aware of a matter that must be disclosed." (Ethics Standards, std. 7(c).)

There was no violation of the disclosure rules here. The arbitrator provided a timely written disclosure of his previous dealings with the parties and their attorneys in November 2020. The final award is dated September 13, 2021, before the notice of appearance in the Texas mediation was filed. Therefore, even if updated disclosures were required, the present matter was finished before the arbitrator had any reason to update the disclosure. Third Eye did not seek disqualification based on the arbitrator's previous contacts with Carrington Coleman; nothing in the appellate record supports an inference disclosure of the new mediation matter would have caused Third Eye to seek disqualification other than the adverse arbitration award. To accept Third Eye's argument to the contrary would allow a party to take an arbitration through an adverse ruling, and to then vacate the arbitration award based on the arbitrator's appointment to a new, unrelated matter.

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.

11